(No. 6151.   October 22, 1934.)

PATRICK S. TANEY and MARY TANEY, His Wife, Respondents, v. ROBERT CRUM, PETER CRUM, JANE CRUM, His Wife, and WALTER CRUM, Appellants.

[37 Pac. (2d) 235.]

Peterson, Anderson & Bowen, for Appellants.

B. A. McDevitt, for Respondents.

MORGAN, J.—The record shows that, on April 1, 1925, the District Court of the United States, in and for the District of Idaho, decreed respondents herein the right to divert and use two cubic feet per second of the waters of Pocatello Creek on, and in the irrigation of, two separate tracts of land situated on said creek, one of them some distance upstream from the other; that appellants own land situated on the creek between the tracts owned by respondents; that on May 22, 1929, respondents sold and conveyed their upper tract of land and the entire water right to persons not parties to this suit; that the purchasers used the

water on the land purchased by them during the years 1929, 1930, 1931, 1932, and up until November 16, 1933, when they sold and reconveyed it, together with the water right, to respondents.

On respondents' verified complaint, filed January 11, 1934, alleging that appellants had, at frequent times, without their consent, and still at the time of the filing of the complaint did, divert the water from the stream to which respondents had a right, and at said time had and maintained dams and obstructions to the flow of the water and thereby diverted it from their ditches so that it was lost to them, and that appellants thereby deprived them of the enjoyment and free use of their land, which was dry and unproductive without the water, and that they were unable to irrigate the land or water their livestock, and that appellants threatened to maintain said obstructions in the stream and to continuously divert the water and prevent them from using it, the judge of the district court, upon proper undertaking having been given, issued an injunction commanding that, until further order of the court, appellants refrain and desist from using the water and from interfering with the delivery thereof to respondents.

Appellants filed a motion to dissolve the injunction and therein recited: "That Pocatello Creek flows in the general direction of from the east to the west and that the plaintiffs (respondents) own no land west of the property owned and occupied by the defendants (appellants) to which any of the water in Pocatello Creek is appurtenant, but all of the water in Pocatello Creek, owned by the plaintiffs, is appurtenant to land east of that owned and occupied by the defendants."

No legal proceeding has been instituted to change the point of diversion of the water. Appellants have not shown they have been, nor anyone else has been, or will be injured by the change of the use of water from respondents' upper tract of land to that situated lower on the creek. It is true the record shows they own land below the tract on which the water was used from 1929 to 1933 and above that

to the irrigation of which respondents are now applying it, but does not show that they are in any way injured by the change.

That an owner may change the point of diversion or the place of use of water if, in so doing, the rights of others are not interfered with is well established. (Kinney on Irrigation and Water Rights, 2d ed., chap. 48, p. 499; *Federal Land Bank v. Union Central Life Ins. Co.*, 51 Ida. 490, 6 Pac. (2d) 486; Id., 54 Ida. 161, 29 Pac. (2d) 1009.)

The order appealed from is affirmed. Costs are awarded to respondents.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.