887 P.2d 26

**Chris HAUGH, Plaintiff–Respondent,**

v.

**Robert SMELICK, Defendant–Appellant.**

**No. 18812.**

Supreme Court of Idaho,
Boise, October 1992 Term.

Jan. 28, 1993.

Holland & Hart, Boise, for defendant-appellant. B. Newal Squyres, argued.

Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for plaintiff-respondent. Ray Keith Roark, argued.

### ON REHEARING

1992 OPINION NO. 66, FILED APRIL 8, 1992, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

McDEVITT, Justice.

### NATURE OF THE CASE

This appeal concerns development and construction of a planned unit development ("PUD"). Respondent, Chris Haugh ("Haugh"), instituted this action against appellant, Robert Smelick ("Smelick"), seeking to enjoin Smelick from constructing four (4) residential units in an area alleged to be "common area." The district court granted the injunctive relief, and Smelick appeals from that judgment. For the foregoing reasons, we reverse and remand the decision of the district court.

### BACKGROUND AND PRIOR PROCEEDINGS

The master declaration of covenants, conditions, and restrictions ("Master Declaration"), which established the Weyyakin Ranch PUD, was filed on May 29, 1980. It states that restrictions contained therein shall be covenants that "shall run with the real property included in Weyyakin Ranch" and be binding upon "all persons having or acquiring any interest in such real property."

The first subdivision plat was filed in Blaine County in May of 1980. Because the

property was being developed in phases over a number of years, several replats of the development were filed with Blaine County. A replat was filed on February 6, 1981, a second replat was filed on March 23, 1982, and a third replat was filed on July 3, 1985.[1]

Haugh purchased lot 910 of Weyyakin Ranch sometime in 1986. On April 29, 1987, Haugh purchased lot 701 of Weyyakin Ranch.

Subsequent to Haugh's purchase of lot 701, Smelick purchased the unsold development of Weyyakin Ranch on March 28, 1988, from the developer, Back O'Dollar Investment Company ("Back O'Dollar"), a California general partnership. Back O'Dollar had obtained its interest in Weyyakin Ranch from the original developers, Weyyakin Partners, an Idaho limited partnership.

After Smelick purchased the unsold development of Weyyakin Ranch, he sought to obtain government approval to further develop Weyyakin Ranch ("Phase IV"). Because of its location, Smelick had to obtain the approval of the City of Sun Valley, the City of Ketchum, and Blaine County. Throughout this process, Haugh opposed further development, alleging that Smelick was prohibited by the Master Declaration from constructing four (4) homes on what Haugh urged was "common area."

The various government entities eventually approved the new development. Frustrated in her efforts to stop the development, Haugh filed a complaint for declaratory judgment and injunctive relief. The court granted a preliminary injunction, and, after a lengthy hearing, granted a permanent injunction prohibiting further development. From this injunction, Smelick appeals.

## ANALYSIS

### A. STANDARD OF REVIEW[2]

■ The decision to grant or deny injunctive relief is within the sound discretion of the trial court, and this Court will not overturn a decision granting or denying an injunction absent a manifest abuse of that discretion. *O'Boskey v. First Fed. Sav. & Loan Ass'n of Boise,* 112 Idaho 1002, 1006, 739 P.2d 301, 305 (1987); *Price v. Grice,* 10 Idaho 443, 452, 79 P. 387, 390 (1904).

In *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991), this Court succinctly set forth the framework for analyzing discretionary determinations by a trial court. In this regard:

> [T]he sequence of our inquiry is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr.,* 119 Idaho at 94, 803 P.2d at 1000, citing *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### B. ANALYSIS

In order to resolve this appeal, we must answer the following question:

DID THE DISTRICT COURT ABUSE ITS DISCRETION IN GRANTING THE PERMANENT INJUNCTION PROHIBITING FURTHER DEVELOPMENT OF WEYYAKIN RANCH?

The uncontroverted facts revealed by the record in this case are:

1. The initial plat of Weyyakin Ranch, which was recorded in May of 1980, allowed forty-two (42) units in Block 3.

2. The first replat of Weyyakin Ranch, which was recorded on February 6, 1981, showed fourteen (14) units platted and allowed twenty-eight (28) future units in Block 3.

---

1. The third replat did not alter Block 3 as depicted in the second replat.

2. We reject Smelick's argument that the district court's decision should be reversed because it erroneously substituted its judgment for that of the local government entities that approved Phase IV construction. First, this is not an appeal from the Planning and Zoning Commission, thus, I.C. § 67–5215 does not apply. Second, the issues raised in Haugh's complaint are issues that the Planning and Zoning Commission is without jurisdiction to decide.

3. The second replat of Weyyakin Ranch, which was recorded on March 23, 1982, showed twenty-five (25) units platted and allowed nineteen (19) future units.

4. The third replat of Weyyakin Ranch, which was recorded on July 3, 1985, allowed forty-three (43) units in Block 3.

5. Haugh purchased her first residence in Weyyakin Ranch in 1986, and her second residence in 1987.

Therefore, at the time Haugh purchased her units, the recorded plats established that an additional eighteen (18) units were allowed in Block 3.[3]

Note 6 of the third replat, defendant's Exhibit 130, refers to the "cluster locations" shown on the "P.U.D. and Master Plan on file in the Planning Offices of Blaine County, City of Ketchum, and City of Sun Valley...." Linda Haavik, the Planning and Zoning Administrator for the City of Ketchum, testified that Plaintiff's Exhibit 15 was the "master plan." (Tr. V. II, pp. 169, 177–78.) The plan evidenced by plaintiff's Exhibit 15 shows ten cluster locations.

 We have explained that "[t]he primary purpose of the recording statutes is to give notice to others that an interest is claimed in real property, and thus give protection against *bona fide* third parties who may be dealing in the same property." *Matheson v. Harris*, 98 Idaho 758, 761, 572 P.2d 861, 864 (1977). It follows that whenever constructive notice is imparted to a subsequent purchaser of real property by a recording statute, the subsequent purchaser cannot claim that he or she is a *bona fide* purchaser for value and receive protection against the contents of the recorded instruments. *Merchants Trust Co. v. Davis*, 49 Idaho 494, 290 P. 383 (1930). We have explained:

One who relies for protection upon the doctrine of being a *bona fide* purchaser must show that at the time of the purchase [they] paid a valuable consideration and upon the belief and the validity of the vendor's claim of title without notice, actual or constructive, of any outstanding adverse rights of another....

Further, one who purchases property with sufficient knowledge to put [them], or a reasonably prudent person, on inquiry is not a *bona fide* purchaser.

*Imig v. McDonald*, 77 Idaho 314, 318, 291 P.2d 852, 855 (1955) (citations omitted). *See Wood v. Simonson*, 108 Idaho 699, 703, 701 P.2d 319, 323 (Ct.App.1985); *Bailey v. Ewing*, 105 Idaho 636, 641, 671 P.2d 1099, 1104 (Ct.App.1983). Applying these principles to this case, we hold that the plats and the "master plan,"[4] which were on file in the proper office and were properly acknowledged and certified, imparted notice of their contents to Smelick, the subsequent purchaser. Therefore, Smelick was, by law, on notice that the recorded third replat contained Note 6 which identified the Master Plan on file in the planning office of Blaine County. Thus, this recorded instrument gave Smelick notice that he could only build an additional eighteen (18) units in Block 3 in a cluster configuration as located on the third replat.

The uncontroverted evidence shows that the district court's finding that the "common area" in Block 3 at the time Haugh purchased her units was the portion that had not been platted as units is clearly erroneous. Instead, the recorded plats show that an additional eighteen (18) units were allowed in Block 3. Because of this, the district court abused its discretion in granting the permanent injunction prohibiting further development in Weyyakin Ranch.

Because of our holding, we need not address the other issues raised on appeal by

---

3. The third replat allowed forty-three (43) units in Block 3. The second replat showed that twenty-five (25) units platted in Block 3. Thus, there is an additional eighteen (18) (43 minus 25 = 18) units allowed in Block 3.

4. Idaho Code § 55–811 attaches constructive notice to "[e]very conveyance of real property acknowledged or proved, and certified, and record-

ed as prescribed by law...." The term "conveyance" "embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or encumbered, or by which title to any real property may be affected, except wills." I.C. § 55–813. Clearly, the plats and "master plan" effect the title to Weyyakin Ranch.

Smelick. We therefore remand the case to the district court for proceedings consistent with this opinion.

Reversed and remanded.

Costs to appellant.

BAKES, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.