898 P.2d 59

**Lester WEST and Erlene E. West, Plaintiffs–Appellants,**

**v.**

**Thomas M. BOWEN and Patricia A. Bowen, Defendants–Respondents.**

**Patricia A. BOWEN, in her individual capacity and as successor in interest to Thomas M. Bowen, Third Party Plaintiff,**

**v.**

**Edward I. ROBERTSON and Inez S. Robertson, individually and in their capacity as trustees of the Edward I. Robertson and Inez S. Robertson Family Trust, and the Edward I. Robertson and Inez S. Robertson Family Trust, Third Party Defendants.**

**No. 21206.**

Supreme Court of Idaho, Lewiston, April 1995 Term.

June 29, 1995.

Dennis L. Albers, Grangeville, for appellants.

David R. Risley, Lewiston, for respondents.

JOHNSON, Justice.

This is an easement case. We conclude that an easement for non-exclusive use of an airport exists because (1) an escrow agreement containing the easement was recorded prior to a deed describing property which the easement restricts, and (2) the doctrine of merger is inapplicable under the facts of this case.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

On March 30, 1989, Edward and Inez Robertson (the Robertsons) sold Lester and Erlene West (the Wests) two acres of their 117 acre property in Idaho County known as the Whitewater Ranch (the ranch). The Wests and Robertsons entered into an escrow agreement on March 30, 1989, which was recorded on April 25, 1989. The escrow agreement stated that the Wests were to receive two acres of real property and certain other interests in the ranch, including "the non-exclusive use of the existing road to the existing airport; and non-exclusive use of the airport." A warranty deed transferring the two acres to the Wests (the Wests' deed) was signed by the Robertsons on March 30, 1989, and recorded on January 14, 1991. The Wests' deed omitted the easement for the "non-exclusive use of the airport."

More than two years after the sale to the Wests, the Robertsons sold the remainder of the ranch, approximately 115 acres, to Thomas and Patricia Bowen (the Bowens). A warranty deed (the Bowens' deed) was recorded on June 1, 1993. The Bowens' deed stated that it was "subject to any easements or rights-of-way of record and/or usage," and specifically excepted the two acre tract previously conveyed by the Wests' deed. After the Robertsons had completed the sale of the ranch to the Bowens, the Robertsons recorded a correction deed purporting to give the Wests the easement for non-exclusive use of the airport that had been omitted from the Wests' deed.

The Wests sued the Bowens, seeking a declaration that, among other things, the Wests possess a right to non-exclusive use of the airport. The Bowens counterclaimed, seeking a declaration that the correction deed was void. The Wests and the Bowens both moved for partial summary judgment regarding the alleged airport easement. The trial court granted the Bowens partial summary judgment, ruling that the Bowens took the ranch as bona fide purchasers, free from the Wests' claimed easement to use the airport. The Wests appealed.

## II.

### THE BOWENS ARE NOT BONA FIDE PURCHASERS.

The Wests assert that the trial court should not have relied on the bona fide purchaser doctrine in ruling that the Wests do not have an easement to use the airport. We agree.

I.C. § 55–813 defines the term "conveyance" as including "every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or encumbered, or by which the title to any real property may be affected, except wills." I.C. § 55–813 (1994). The escrow agreement is a contract in which the Wests promise to pay the Robertsons $15,000 in return for two acres and various interests in the ranch, including the non-exclusive use of the airport. Therefore, the escrow agreement is a conveyance within the meaning of I.C. § 55–813. *See Haugh v. Smelick*, 126 Idaho 481, 483 n. 4, 887 P.2d 26, 28 n. 4 (1993) (holding recorded plats and master plan are conveyances because they affect title to real property).

The conveyance of the easement from the Robertsons to the Wests was recorded in 1989, over four years before the Bowens recorded their purchase of the ranch in 1993. The bona fide purchaser doctrine does not protect a subsequent purchaser from prior recorded conveyances. Rather, it merely allows a subsequent good faith purchaser to void a prior unrecorded conveyance by recording first. *See* I.C. § 55–606 (1994); I.C. § 55–812 (1994); *see also Haugh*, 126 Idaho at 483, 887 P.2d at 28. It therefore was improper for the trial court to rely on the bona fide purchaser doctrine because the conveyance of the easement from the Robertsons to the Bowens was recorded.

### III.

### MERGER DOES NOT DEFEAT THE WESTS' EASEMENT CLAIM.

■ The Wests assert that the trial court should not have rejected their easement claim by reasoning that the escrow agreement merged with the Wests' deed. We agree.

The doctrine of merger does not apply where, as here, there was a mistake. *See Jolley v. Idaho Securities, Inc.*, 90 Idaho 373, 383, 414 P.2d 879, 889 (1966). It is uncontested that the Wests and Robertsons mistakenly omitted the airport easement from the Wests' deed.

### IV.

### THE WESTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT BECAUSE THEIR EASEMENT WAS RECORDED BEFORE THE BOWENS' DEED.

The Wests assert that the trial court should have granted them a partial summary judgment establishing their airport easement. We agree.

■ When two recorded conveyances purport to convey conflicting interests in real property, the conveyance first recorded controls. The Wests' easement for non-exclusive use of the airport was recorded on April 25, 1989, while the Bowens' deed was not recorded until more than four years later, on June 1, 1993. Therefore, the Bowens possess an easement entitling them to non-exclusive use of the airport.

### V.

### CONCLUSION

We reverse the partial summary judgment of the trial court and remand the case for entry of partial summary judgment in favor of the Wests.

We award costs on appeal to the Wests.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., **concur.**