30 P.3d 970

Thomas E. KALANGE and Marilyn E. Kalange, Plaintiffs–Appellants,

v.

Craig RENCHER, Defendant–Respondent,

and

Michael E. Farnsworth, Patricia G. Farnsworth, Twin Falls Athletic Club, Inc., Roland E. Huggins and Magic Valley Refrigeration, Inc., Defendants.

No. 26097.

Supreme Court of Idaho,
Twin Falls, March 2001 Term.

Aug. 14, 2001.

Cosho, Humphrey, Greener & Welsh, Boise, for appellants. Thomas G. Walker, Jr. argued.

Richard D. Greenwood, Twin Falls, argued for respondent.

WALTERS, Justice.

This appeal deals with the priority of conflicting secured interests on property owned by Twin Falls Athletic Club, Inc., that was foreclosed upon to satisfy debts owing to Thomas and Marilyn Kalange. The district court determined that the Kalanges' interest was subordinate to the interest of the respondent, Craig Rencher. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 1991, Michael and Patricia Farnsworth (Farnsworth) purchased all of the outstanding stock in the Twin Falls Athletic Club, Inc. (TFAC) from Thomas and Marilyn Kalange (Kalange). Farnsworth executed a promissory note to Kalange for the unpaid balance of $138,564.32, which was secured by a stock pledge agreement and some personal property. Farnsworth executed a deed of trust in 1991 bearing a recording date of October 15, 1993, however, it was reconveyed of record in January of 1995.

In 1994, Farnsworth borrowed additional monies from Kalange and executed a promissory note for $65,000. TFAC guaranteed the note, which was secured by deed of trust for the benefit of Kalange, granting a lien on the real estate owned by TFAC. Farnsworth and Kalange at that time also entered into a detailed loan agreement dated October 31, 1994, which expressed the terms and conditions of the parties' financial relationship and provided that Farnsworth and TFAC would actively promote and market the property and business owned by TFAC with the objective of selling the property by December of 1996. The agreement specified that Kalange would share in the proceeds of the sale beyond the amount of the loans made to Farnsworth and in the event the sale did not take place, Farnsworth would be obligated to pay Kalange an additional $50,000, which sum was referred to as the "alterative performance payment." The deed of trust securing the $65,000 note was recorded on November 2, 1994.

In order to seize upon an opportunity to purchase exercise equipment for TFAC at a very attractive price, Farnsworth borrowed

money in 1995 from Craig Rencher, a local dentist and patron of TFAC. Farnsworth provided Rencher with a security interest in the equipment being purchased, a blanket lien on the operating assets of TFAC and a deed of trust on the real property of TFAC. This deed of trust was recorded on November 21, 1995. Farnsworth subsequently borrowed additional funds from Rencher, and to secure his investment, Rencher obtained a promissory note, an all-inclusive deed of trust, and a loan agreement from Farnsworth. The all-inclusive deed of trust, which included the indebtedness of the November 21, 1995, deed of trust, was recorded on March 19, 1996.

Farnsworth failed to make payments on the 1991 and 1994 notes to Kalange in April of 1996 and defaulted on the loans. Kalange brought suit against Farnsworth seeking in part to foreclose on the 1994 deed of trust. In particular, Kalange sought a determination from the court that under the deed of trust, there was a lien not only for $65,000, as recited on the face of the 1994 deed of trust, but also for the balance due on the 1991 note and the $50,000 alternative performance payment that were specifically mentioned in the 1994 note and loan agreement, all of which were prior in time to Rencher's liens.

Kalange filed a motion for summary judgment for entry of a decree of foreclosure; and the parties stipulated to entry of a decree and a sheriff's sale, reserving the issues of priorities and attorney fees for determination by the district court. The district court rendered a memorandum opinion awarding partial summary judgment to Kalange, holding the contract term for the alternative performance payment to be valid. The district court then awarded summary judgment to Rencher on Kalange's claim that he was entitled as a matter of law to priority status. In support of its conclusion, the district court found that the 1996 all-inclusive deed of trust from TFAC to Craig Rencher took priority over the unpaid balance of Kalange's 1991 note and the $50,000 alternative performance payment. The district court also found that Rencher did not have constructive notice of the 1991 security interest or of the $50,000

alternative performance payment and therefore took his interests as a *bona fide* purchaser.

The district court's memorandum decision dated December 9, 1997, resolved the priority questions and concluded that "the only remaining issue of fact is whether all the attorney fees awarded to Kalange are reasonable; and, if not, what portions are not." On March 9, 1998, the district court entered an order approving the parties' stipulation resolving that final issue. Because of counsel's inadvertence in failing to prepare the order, the date of entry of the order granting summary judgment in part and denying it in part was October 15, 1999.[1]

On his motion to reconsider, Kalange submitted Rencher's deposition as a basis for the district court to review its decision subordinating Kalange's 1991 note and the $50,000 alternative performance payment to Rencher's all-inclusive deed of trust. Kalange asserted that the deposition showed that Rencher had notice of the unrecorded security interests held by Kalange. Finding that the evidence was substantially the same as that presented at the original summary judgment hearing, the district court denied Kalange's reconsideration motion.

On appeal from the district court's summary judgment decision, Kalange challenges the priority scheme reached by the district court that subordinated the debt owing to Kalange under the 1991 note and the $50,000 alternative performance payment to Rencher's all-inclusive deed of trust. Kalange argues that the district court erred in finding that Rencher was not required to inquire further as he had no notice of the 1991 unrecorded security interest or of the $50,000 alternative performance payment and therefore did not take his interest subject to those amounts. Both parties request attorney fees on appeal based upon provisions included in their respective loan agreements.

### STANDARD OF REVIEW

Summary judgment is proper when the pleadings, depositions, and admissions on file,

---

1. The Sheriff of Twin Falls County conducted the sale of the real and personal property. No bids were received on the personal property, the corporate stock of TFAC, thus, only the real property was sold.

together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). In considering a motion for summary judgment, both trial and appellate courts liberally construe the record in favor of the party opposing the motion, and draw all reasonable inferences and conclusions in that party's favor. *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker,* 133 Idaho 1, 981 P.2d 236 (1999). A motion for summary judgment will be denied where the court determines that reasonable people could reach different conclusions or draw conflicting inferences from the evidence. *Id.*

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox,* 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). If there exists a genuine issue of material fact with respect to respondent's knowledge of an unrecorded encumbrance, then summary judgment was improperly granted. *See Farm Bureau Finance Co., Inc. v. Carney,* 100 Idaho 745, 747, 605 P.2d 509, 511 (1980).

## ANALYSIS

The deed of trust from TFAC to Kalange was recorded as stated on November 1, 1994, securing payment of a promissory note "in the sum of $65,000, final payment due December 1996." Kalange argues that the duly recorded deed gave constructive notice to Rencher of Kalange's unrecorded 1991 note and the obligation to remit the $50,000 alternative performance payment because these obligations were clearly mentioned in the promissory note secured by the 1994 deed of trust and in the loan agreement that was prepared at the same time as the note and deed of trust. If as Kalange asserts Rencher was required to ascertain by inquiry outside of the record the full nature and character of Kalange's claim, Rencher was chargeable with knowledge of the unrecorded security interests; and his all-inclusive deed of trust must be subordinated to the full extent of Kalange's interests. If, however, the record of the deed imports notice of nothing more than the security for a promissory note in the amount of $65,000, Rencher must prevail.

■ Under Idaho's recording statutes, every conveyance of real property acknowledged or proved, and certified and recorded as prescribed by law, is constructive notice of its contents to subsequent purchasers and mortgagees from the time it is filed. I.C. § 55–811. Constructive notice imparted from the record, therefore, is a matter of statute. Included among those put on notice by a conveyance is a beneficiary of a deed of trust, who is treated as a mortgagee. *See Security Pacific Finance Corp. v. Bishop,* 109 Idaho 25, 704 P.2d 357 (Ct.App.1985). *See also Wylie v. Patton,* 111 Idaho 61, 65, 720 P.2d 649, 653 (Ct.App.1986) (holding constitutional requirements of notice due a mortgagee also owed to beneficiary of deed of trust).

■ There is a presumption that a mortgage secures the sum expressed therein, and the mortgagee bears the burden of proof on his claim that the mortgage covers a greater amount than the sum stated. 59 C.J.S. *Mortgages* § 146, p. 189. This Court has held: "Where a mortgage is given to secure a specific debt named, the recorded, stated sum of the mortgage is sufficient notice of that indebtedness and will not be extended beyond the amount on the face of the mortgage." *Biersdorff v. Brumfield,* 93 Idaho 569, 572, 468 P.2d 301, 304 (1970).

In *Federal Land Bank of Spokane v. Union Cent. Life Ins. Co.,* 54 Idaho 161, 29 P.2d 1009 (1934), the Court held that Union Credit was entitled to rely on the record, which showed the water right of 600 inches taken by its mortgage to be appurtenant to the land conveyed and unencumbered by a mortgage to Federal Land Bank. 54 Idaho at 168, 29 P.2d at 1011. The Court did not charge Union Credit with notice of the limitation on the water right by the recitations contained in loan applications and an earlier mortgage, which Union Credit rejected, that showed a lesser water right appurtenant to the land than that shown by the record. *Id.* at 169, 29 P.2d at 1010. Following the reasoning of *Federal Land Bank,* we should not require Rencher to go beyond the record to ascertain the full extent of Kalange's secured interest.

■ It has long been established that a purchaser is charged with every fact shown

by the records and is presumed to know every other fact which an examination suggested by the records would have disclosed. *Cordova v. Hood,* 17 Wall. 1, 84 U.S. 1, 21 L.Ed. 587 (1873); *Northwestern Bank v. Freeman,* 171 U.S. 620, 19 S.Ct. 36, 43 L.Ed. 307 (1898). One claiming title to lands is chargeable with notice of every matter affecting the estate, which appears on the face of any recorded deed forming an essential link in his chain of title, and also with notice of such matters as might be learned by inquiry which the recitals in such instruments made it a duty to pursue. *Glover v. Brown,* 32 Idaho 426, 184 P. 649 (1919). Nothing on the face of the 1994 deed, however, suggests that a more complete description of the security may be found in documents outside of the record so as to secure priority of a lien for Kalange's unrecorded 1991 security interest and the $50,000 alternative performance payment vis a' vis Rencher's all-inclusive deed of trust. One examining the record has no reason to believe that the deed of trust is not what it purports to be, i.e., security for a debt in the amount of $65,000. The only constructive notice that the recordation of the deed of trust could give then was the existence of the deed of trust and of its lien upon the land described in the deed as security for the indebtedness of $65,000 plus interest mentioned therein.

The primary purpose of the recording statutes is to give notice to others that an interest is claimed in real property. The design of the recording statutes compels the recording of instruments affecting title, for the ultimate purpose of permitting purchasers to rely upon the record title. In addition to giving notice to others that an interest is claimed in real property, the recording statutes give protection against *bona fide* third parties who may be dealing in the same property. *See Haugh v. Smelick,* 126 Idaho 481, 887 P.2d 26 (1993), *quoting Matheson v. Harris,* 98 Idaho 758, 761, 572 P.2d 861, 864 (1977). Kalange failed to protect himself by recording the 1991 note and $50,000 alternative performance payment appearing in the 1994 loan agreement. He cannot now be heard to complain that these unrecorded interests are subordinate to Rencher's interest.

Next, Kalange asserts that Rencher had actual notice of the total amount Farnsworth owed to Kalange. Kalange claims that Rencher's knowledge was sufficient to put him on inquiry notice of the unrecorded 1991 security interest and to give Kalange's unrecorded liens priority over Rencher's recorded interest. Kalange does not argue that summary judgment was improperly granted because of issues of fact that were yet to be resolved.

Moreover, the facts presented in this case to the district court were that Rencher had obtained summary statements from the escrow company of balances due on notes owing from Farnsworth and TFAC to Kalange. When he made the loan to Farnsworth, Rencher knew the total indebtedness of the outstanding notes. Based on that information, he had a search of the records conducted which revealed two deeds of trust that secured only the obligations of the note Kalange had acquired from the Hugginses and the 1994 note.

We have held that possession by other than the grantee of record is constructive notice to a subsequent purchaser of the claim of the person in possession. *Fajen v. Powlus,* 96 Idaho 625, 533 P.2d 746 (1975). We have also held that actual knowledge of a prior encumbrance by a subsequent purchaser or mortgagee renders his interest inferior to that encumbrance though not recorded. *Treasure Valley Bank v. Butcher,* 117 Idaho 974, 793 P.2d 206 (1990); *Farm Bureau Fin. Co., Inc. v. Carney,* 100 Idaho 745, 605 P.2d 509 (1980). We do not equate Rencher's knowledge of amounts owing to Kalange to knowledge of the security interest, which in the case of the 1991 note was not a deed of trust. As to the $50,000 alternative performance payment, it was not discoverable from any reasonable inquiry. Accordingly, the district court did not err in finding that Kalange had failed to meet his burden to establish a genuine issue of material fact that Rencher had notice.

We hold therefore, that Rencher's all-inclusive deed of trust had priority over the balance owing on Kalange's 1991 note and the $50,000 alternative performance payment.

## CONCLUSION

The award of summary judgment in favor of Rencher is affirmed. Although Rencher is the prevailing party in this action to establish the priority of his all-inclusive deed of trust, his request for attorney fees is based on provisions in the deed of trust and loan agreement between Rencher and Farnsworth and Twin Falls Athletic Club. Clearly, the provisions of those loan agreements do not entitle Rencher to recover attorney fees as against Kalange, a non-party to the agreements. The request for an award of fees is therefore denied. We award costs on appeal to Rencher, however, pursuant to I.A.R. 40.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, CONCUR.