**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 37487**

| | | |
|---|---|---|
| JOHN BAGLEY, an individual, and TERRANCE BAGLEY, an individual, | ) ) ) | Idaho Falls, September 2010 Term |
| Plaintiffs-Respondents, | ) ) | 2010 Opinion No. 108 |
| v. | ) ) | Filed: October 7, 2010 |
| BYRON T. THOMASON and MARILYNN THOMASON, husband and wife | ) ) ) | Stephen W. Kenyon, Clerk |
| Defendants-Appellants, | ) ) | |
| and | ) ) | |
| LIBERTY PARK IRRIGATION COMPANY, an Idaho corporation, | ) ) ) | |
| Defendant. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Madison County. The Hon. Darren B. Simpson, District Judge.

The judgment of the district court is affirmed.

Byron T. Thomason and Marilynn Thomason, pro se appellants, Rexburg. Marilynn Thomason argued.

Beard St. Clair Gaffney PA, Idaho Falls, for respondent. John Avondet argued.

_____

EISMANN, Chief Justice.

This is an appeal from a judgment awarding plaintiffs shares of water in an irrigation company. We affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

John Bagley and Terrance Bagley purchased a farm from Byron T. Thomason and Marilynn Thomason and executed a contract giving Thomasons an opportunity to repurchase the

property. They were permitted to retain possession of the farm until the expiration of the time within which they could repurchase it. After that time expired, a dispute arose regarding the ownership of the property. Bagleys filed a lawsuit for quiet title and obtained a judgment quieting their title in the land. The judgment also provided that Bagleys owned the water rights appurtenant to the land. Thomasons appealed, and we affirmed the judgment in *Bagley v. Thomason*, No. 36041-2009 (October 6, 2010) (*Bagley I*).

The Liberty Park Irrigation Company provided irrigation water to the real property. Bagleys requested that the Irrigation Company issue them new certificates for the shares of water appurtenant to the land. The Company's policy required the owner give written consent to a transfer of the shares, and Thomasons refused to consent. They also threatened to sue the Company if it issued new certificates to Bagleys. The Company therefore refused to issue certificates transferring to Bagleys the 52 shares of water appurtenant to the land they had purchased from Thomasons. On January 30, 2009, Bagleys filed this action against Thomasons and the Irrigation Company seeking a judgment requiring the Company to issue them the water shares.

Bagleys filed a motion for summary judgment. Thomasons responded by filing a document asserting that Bagleys lacked standing and the court therefore lacked jurisdiction. They also informed the court that they would not attend the hearing. The district court granted Bagleys' motion and entered a judgment decreeing that Bagleys were the owners of 52 shares of water in the Irrigation District. Bagleys requested an award of attorney fees, and the court granted that request under Idaho Code § 12-121, finding that Thomasons had defended this lawsuit frivolously, unreasonably, and without foundation. Bagleys did not request costs as a matter of right, and the court denied their request for discretionary costs. Thomasons timely appealed.

## II. ISSUES ON APPEAL

A. Did the district court have subject matter jurisdiction?

B. Did the district court err in awarding Bagleys attorney fees under Idaho Code § 12-121?

C. Are Bagleys entitled to an award of attorney fees on appeal.

2

## III. ANALYSIS

### A. Did the District Court Have Subject Matter Jurisdiction?

Thomasons allege various errors by the district court, which boil down to their contention that the court lacked subject matter jurisdiction because Bagleys did not have standing to bring this action. They contend that Bagleys lacked standing because the deed by which they were granted title to the real property did not comply with Idaho Code § 55-601. They also contend that Bagleys engaged in various types of misconduct.

"The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). Bagleys are the grantees of the deed to the real property executed by Thomasons, and Bagleys were held in *Bagley I* to be the owners of the real property, including the appurtenant water rights. Therefore, they had standing to bring this lawsuit.

To satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006). Bagleys alleged that they are entitled to the shares of water appurtenant to the real property; that the Thomasons have refused to deliver the certificates for the shares to the Bagleys and are attempting to sell them; and that the Irrigation District, whose secretary is Byron Thomason's brother, has refused to issue new water shares to Bagleys. They sought a declaratory judgment stating that they owned 52 shares of water in the Irrigation Company and a writ of mandate requiring the Company to issue them certificates of ownership for those shares.

"When an issue of standing is raised, the focus is not on the merits of the issues raised, but upon the party who is seeking the relief." *Scona, Inc. v. Green Willow Trust*, 133 Idaho 283, 288, 985 P.2d 1145, 1150 (1999). Indeed, a party can have standing to bring an action, but then lose on the merits. *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989). Bagleys had standing to bring this action. Thomasons have not shown that the district court lacked jurisdiction.

### B. Did the District Court Err in Awarding Bagleys Attorney Fees under Idaho Code § 12-121?

The district court awarded Bagleys attorney fees under Idaho Code § 12-121, which permits the judge in any civil action to award attorney's fees to the prevailing party. A trial court can award attorney fees under that statute "only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Idaho R. Civ. P. 54(e)(1). Thomasons contend that Bagleys cannot be the prevailing party because they lacked standing to sue, and the district court therefore lacked jurisdiction. As stated above, Bagleys had standing and the district court had jurisdiction. Therefore, we affirm the award of attorney fees under Idaho Code § 12-121.

**C. Are Bagleys Entitled to an Award of Attorney Fees on Appeal?**

In their issues on appeal, Bagleys request an award of attorney fees pursuant to Idaho Code §§ 12-121 and 12-123, as the prevailing party under Idaho Rule of Civil Procedure 54, and as justified by Idaho Appellate Rule 41. However, because Bagleys did not address their request for an award of attorney fees in the argument portion of their brief, we will not address the issue. *Carroll v. MBNA America Bank*, 148 Idaho 261, ___, 220 P.3d 1080, 1089 (2009); *Weaver v. Searle Brothers*, 129 Idaho 497, 503, 927 P.2d 887, 893 (1996).

## IV. CONCLUSION

We affirm the judgment of the district court. We award costs on appeal, but not attorney fees, to respondents.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

4