# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39799

| | |
|---|---|
| **MADISON REAL PROPERTY, LLC,** ) | **2013 Unpublished Opinion No. 624** |
| ) | |
| Plaintiff-Respondent, ) | **Filed: August 12, 2013** |
| ) | |
| v. ) | **Stephen W. Kenyon, Clerk** |
| ) | |
| **MARILYNN THOMASON,** ) | **THIS IS AN UNPUBLISHED** |
| ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant, ) | **BE CITED AS AUTHORITY** |
| ) | |
| and ) | |
| ) | |
| **THE ESTATE OF BYRON THOMASON,** ) | |
| deceased; **NICHOLAS A. THOMASON** and ) | |
| **SANDRA K. THOMASON,** husband and ) | |
| wife; **JAY A. KOHLER,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment in partition action, <u>affirmed</u>; order denying motion to reconsider, <u>affirmed</u>.

Marilynn Thomason, Rexburg, pro se appellant.

William R. Forsberg of Forsberg Law Offices, Chtd., Rexburg, for respondent.

_____

GUTIERREZ, Chief Judge

Marilynn Thomason (Thomason)[1] appeals from the district court's final judgment in an action to partition property and the district court's subsequent order denying Thomason's motion

---

[1] Marilynn Thomason and her now-deceased husband, Byron Thomason, were named as original defendants in this case. In this opinion, references to the "Thomasons" indicate action by the couple and their joint co-defendants, Nicholas and Sandra Thomason, as parties in regards to facts and procedures. References to "Thomason" indicate action by Marilynn Thomason on appeal, acting pro se. Nicholas and Sandra Thomason, the Estate of Byron Thomason, and Jay

1

to reconsider. Thomason argues the district court erred in the following ways: by denying her motion to dismiss the partition action, which asserted the district court lacked subject matter jurisdiction; by failing to dismiss the case because Madison Real Property, LLC (MRP) lacked standing to sue; by abusing its discretion regarding multiple decisions, alleged in a post-judgment motion to reconsider; and by violating her right to equal protection. For the reasons set forth below, we affirm the district court and award MRP attorneys' fees and costs on appeal.

## I.

## FACTS AND PROCEDURE

This appeal stems from an action brought in 2008 for partition and accounting of a piece of property located in Madison County. A partial summary of the case is aptly provided by the district court as follows:

> Madison Real Property, LLC ("MRP") filed a complaint for partition and accounting in April of 2008. The property at issue is a 75 acre parcel of farm ground previously owned in three undivided fee simple interests by Marilynn and Byron Thomason, Nicholas and Sandra Thomason ("Thomasons"), and Greg and Diana Thomason. MRP is the successor in interest to William Forsberg who received his interest in the property by a deed from Greg and Diana Thomason on October 30, 2001. Title was quieted in Forsberg's favor by a final judgment issued by a United States bankruptcy court in October 2006. That decision was upheld by the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals in August of 2007.[2]

A. Kohler (another defendant in the original lawsuit) have not made themselves a party to this appeal.

[2] The bankruptcy litigation on the status of property ownership was not finally settled until 2009. Following a trial on the merits in October 2006, the bankruptcy court entered a final judgment quieting title in favor of William Forsberg. The Thomasons appealed and the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals affirmed. In 2007, the Thomasons demanded a retrial on the ground of fraud upon the court and alleged acts and omissions by Forsberg in concert with Greg and Diana Thomason and others, which the Thomasons argued should have voided the conveyance of any property interest to Forsberg. Treating it as a motion for relief from judgment and a new trial, the bankruptcy court conducted a hearing and denied the motion. To the extent the allegation of fraud constituted a separate claim, the bankruptcy court also denied it. In 2008, the Thomasons filed another demand for retrial and a motion to dismiss, again asserting fraud as a basis for relief. After relief was denied,

In July 2008 MRP moved for partial summary judgment, asking the Court to enter judgment on the issue of ownership of the real estate. Said motion was ultimately granted and attorneys' fees were award to MRP. In August 2008 the Thomasons filed an appeal which was conditionally dismissed as untimely (the appeal was finally dismissed in November of 2008). The Thomasons next filed a Motion for Stay of Judgment, New Trial/Hearing, to Amend Findings and Conclusions, Amend Judgment and All Other Authority, which was also denied by the Court and attorney fees were again awarded to MRP. In December of 2008 the Thomasons filed another appeal.

Meanwhile, the Court attempted to keep the case moving forward. On September 8, 2008 the Court appointed referees to submit a proposed partition. They submitted their report on December 2, 2008. MRP made a motion to confirm the report; [the] Thomasons filed objections to the report. The Court held a hearing on April 27, 2009 to determine whether the report should be adopted. Finally, on June 12, 2009 the referees' report settling the partition issues was confirmed by the Court.

Following another appeal to the Idaho Supreme Court, the Supreme Court issued its order conditionally dismissing the Thomasons' second appeal in March 2010. The Thomasons then filed various motions to reconsider (alleging that plaintiff committed "fraud upon the Court"). In July 2010 the Thomasons filed a motion for a certificate to appeal, challenging MRP's standing and the jurisdiction of the Court to hear this case.

(Footnote omitted.) The district court ruled the motion for a certificate to appeal was going to be treated as a summary judgment motion on the issues of subject matter jurisdiction and standing and all other pending motions would be treated as a motion for reconsideration of all other orders and rulings. Before the district court issued any findings or further orders on these motions, the Thomasons filed an amended notice of appeal and another petition to the Idaho Supreme Court seeking permission to appeal the ruling on the treatment of the motions. In September 2010, the Supreme Court denied the petition. As to the pending motions before the district court, the district court determined that it had subject matter jurisdiction over the case, that MRP had standing to sue, and--based on its own independent review of prior court proceedings in the case before two other judges as well--that the previous decisions were reasonable and supported by the record. Accordingly, it denied both the motion for summary judgment and the motion to

the Thomasons again appealed. In 2009, the Appellate Panel again affirmed. Thereafter, the Ninth Circuit Court of Appeals denied the Thomasons' petition for additional review.

reconsider in April 2011. At that time, accounting issues remained undecided, so the order denying the motions was neither appealable nor final.

In June 2011, the Thomasons filed a motion asking the district court judge to recuse himself. The district court denied that motion and a subsequent motion by the Thomasons asking the court to reconsider the denial of recusal. After MRP filed a notice of depositions, the Thomasons filed a motion to quash and a motion to dismiss for lack of subject matter jurisdiction. The district court denied both motions in October 2011.

MRP moved to dismiss the remaining accounting claims in January 2012. In February, the district court granted MRP's motion and entered a final judgment. The Thomasons filed a motion to reconsider, which the district court denied in March 2012. Thomason filed a timely notice of appeal and presents four issues: whether the district court lacked subject matter jurisdiction over the case; whether MRP lacked standing to sue; whether the district court abused its discretion in regard to various decisions; and whether the award of attorneys' fees and costs violated Thomason's equal protection rights.

## II.

## ANALYSIS

### A. Subject Matter Jurisdiction

Thomason first argues that the district court erred by denying the motion to dismiss for lack of subject matter jurisdiction. Whether the district court erred in a decision on a motion to dismiss for lack of jurisdiction pursuant to Idaho Rule of Civil Procedure 12(b) is a question of law over which we exercise free review. *Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 133, 106 P.3d 455, 459 (2005).

On a motion to dismiss, the district court need only look at the pleadings, and all inferences are viewed in favor of the non-moving party. *Id.* The nonmoving party needs only to allege sufficient facts, which, if true, would entitle him to relief. *Id.* There is a presumption that district courts of general jurisdiction have subject matter jurisdiction unless a party can show otherwise. *Troupis v. Summer*, 148 Idaho 77, 80, 218 P.3d 1138, 1141 (2009). Article 5, Section 20 of the Idaho Constitution provides that the district court has original jurisdiction in all cases, both at law and at equity. Moreover, relevant statutes in title 6, chapter 5 of the Idaho Code, regarding partition of real estate, provide that district courts have jurisdiction over that class of cases. *Troupis*, 148 Idaho at 80, 218 P.3d at 1141.

4

The district court clearly had subject matter jurisdiction in this case. Thomason asserts the district court lacked jurisdiction over the subject matter because it relied on a fraudulent deed purporting to grant interest in the property at issue to Forsberg from Greg and Diana Thomason. She claims that Forsberg never received any deed or title to real property from the true and correct owners and that, additionally, the deed relied upon that conveyed interest to MRP from Forsberg violated Idaho Code § 55-601 by failing to contain the grantee's full and complete address. Rather than addressing the issue of subject matter jurisdiction, Thomason conflates jurisdiction with the issue of whether MRP has ownership in the property and standing to sue. MRP, alleging an ownership interest in the Madison County property, brought a suit to partition the property. The pleadings, taken as true and in favor of MRP, showed jurisdiction over the subject matter. The district court acted within its authority granted by the constitutional and statutory provisions noted above. The district court did not err by denying the motion to dismiss for lack of subject matter jurisdiction.

The Thomasons continued to assert a lack of subject matter jurisdiction numerous times throughout the underlying litigation, substantially based on the argument that MRP lacked an ownership interest in the property. The district court granted summary judgment on the issue of ownership in the property relatively early on in the case, and the decision is supported by the record. There is no error by the district court in rejecting later challenges to subject matter jurisdiction, made on the same ground, based on evidence presented and findings of fact made on that record.

## B.     Standing

Thomason's challenge regarding MRP's standing to sue generally reflects her argument on the issue of subject matter jurisdiction. As noted above, she claims that the deed conveying interest in the property to Forsberg was not from the true and correct owners and was fraudulent. She further asserts that the deed purporting to convey interest from Forsberg to MRP was also fraudulent and that it violated Idaho Code § 55-601 by failing to contain the grantee's full and complete address. Thus, she asserts MRP has no interest in the property and cannot bring this suit.

Whether a party has standing to sue can be raised at any time. *Tungsten Holdings, Inc. v. Drake*, 143 Idaho 69, 72, 137 P.3d 456, 459 (2006); *Hoppe v. McDonald*, 103 Idaho 33, 35 644 P.2d 355, 357 (1982). When raised, the issue of standing must be determined by the court before

5

reaching the merits of the case. *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006). The doctrine of standing focuses on the party seeking relief and not on the issues the parties wish to have adjudicated. *Bagley v. Thomason*, 149 Idaho 806, 807, 241 P.3d 979, 980 (2010). A grantee of a deed to real property, and held to be the owners of real property in previous litigation, has standing to bring a lawsuit in regards to rights attendant with ownership of that property. *See id.*

Here, the issue of ownership in the seventy-five-acre property was adjudicated in bankruptcy court, which quieted title in a one-third undivided interest in favor of Forsberg. As to whether the deed transferring interest from Forsberg to MRP was sufficient to convey title, the district court thoroughly addressed the issue when determining that MRP did have standing. Although Idaho Code § 55-601 does require a "complete mailing address" of the grantee on the deed conveying title, Idaho case law has broadly interpreted the term and held it is sufficient if the information in the deed can be used to identify and locate the addressee. *See Adams v. Anderson*, 142 Idaho 208, 211, 127 P.3d 111, 114 (2005); *see also KEB Enters., L.P. v. Smedley*, 140 Idaho 746, 752, 101 P.3d 690, 696 (2004) (holding that the address of "Carmen, Lemhi County, Idaho" was sufficient to comply with Idaho Code § 55-601 because evidence showed the county assessor was able to deliver tax notices to the grantee using the name and address provided on the deed).

The deed in this case conveyed the property to "Madison Real Property, LLC, Rexburg, Idaho 83440." The district court found there is only one existing entity named Madison Real Property, as easily found though a search on the Idaho Secretary of State webpage, and the address on the deed had allowed multiple government agencies to correspond with MRP. Moreover, MRP had filed a corrected deed with the full address, which was within its right to do. *See Sartain v. Fidelity Fin. Servs., Inc.*, 116 Idaho 269, 272, 775 P.2d 161, 164 (Ct. App. 1989). Because Forsberg's interest in the property had been previously adjudicated and the deed conveying interest to MRP was sufficient to satisfy statutory requirements, MRP had standing to bring the suit. The district court did not err by declining to dismiss the case on the basis that MRP lacked standing.

## C.  Abuse of Discretion

After the district court entered a final judgment in this case, Thomason filed a motion to reconsider, in which she challenged nearly every decision and order by the district court in this

6

case.  The district court denied the motion.  The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court.  *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason.  *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Thomason asserts the district court abused its discretion by denying the motion to reconsider.  More specifically, however, Thomason asserts the district court abused its discretion by failing to dismiss the case for lack of subject matter jurisdiction, by ignoring the requirements of Idaho Code § 55-601 when finding MRP had standing to sue, by failing to recognize that MRP had no legal claim to any interest in the property (in other words, by failing to find the deeds were fraudulent), by failing to address her counterclaims, and by awarding attorneys' fees and costs prematurely.  We have already addressed the issues of subject matter jurisdiction and standing above.

In regards to the allegation that MRP had no legal interest in the property, which largely resembled the argument that MRP lacked standing, the Thomasons argued before the district court that a restrictive covenant prevented Greg and Diana Thomason from conveying their one-third undivided ownership interest in the property to Forsberg.  The Thomasons asserted that Forsberg deeded the property to himself while serving as counsel for Greg and Diana Thomason in bankruptcy proceedings, that Forsberg was aware of the restrictive covenant, and that Forsberg nonetheless deeded the property to himself to fraudulently make himself a bona fide purchaser.

The Thomasons first alleged fraud upon the court in their answer to the complaint in district court, arguing that the deeds being claimed by Forsberg to support his ownership interest were erroneous.  However, the Thomasons did not contest MRP's motion for summary judgment as to the ownership interest in the land, made in 2008 and very early on in this case.  They neither attended the hearing nor submitted briefs in opposition to the motion.  Prior to MRP's 2008 partial summary judgment motion as to ownership in the land, title to the land had been

quieted in bankruptcy court in Forsberg's favor and upheld on appeal in 2006. The Thomasons made the same allegations of fraud in 2007 before the bankruptcy court, which treated the claims as an independent request for relief and denied relief after a trial on the issues. The federal appellate court upheld that decision. The district court in the partition action relied on that adjudication to grant summary judgment in favor of MRP as to its ownership interest, as successor in interest to Forsberg. Subsequently, the district court appointed referees, requiring them to submit a report that contained a partition proposal. Only then did the Thomasons actually file an objection, claiming that Forsberg obtained interest in the land by fraud, first in a motion (treated as a motion for relief from judgment) and then again in a motion to reconsider. The district court denied the first motion for lack of a basis to grant the relief requested. Based on its own review of the prior proceedings, and relying on the bankruptcy court's decision quieting title and affirmance on appeal, the district court also denied the motion to reconsider because it determined its previous decision to partition the property pursuant to MRP's request was reasonable.

The district court did not abuse its discretion by failing to find fraud in MRP's assertion of interest in the land. The issue had been litigated in bankruptcy court and affirmed on appeal. The Thomasons filed an additional motion in bankruptcy court demanding that the issue be retried. Again, the bankruptcy court found in favor of Forsberg's interest, despite allegations of fraud. The Thomasons again appealed and *again* the appellate court upheld the decision of the lower tribunal. The Ninth Circuit Court of Appeals denied a petition for further review. The district court acted within its discretion by relying on those proceedings, and the deed conveying the property interest from Forsberg to MRP, to show that MRP had a an ownership interest and did not err by denying the motion to reconsider regarding Thomason's claim that MRP had no legal interest in the property.

As to Thomason's assertion that the district court failed to address her counterclaims, nothing regarding counterclaims arose in the underlying case until January 2012. At that time, though the partition had been ordered, MRP's request for an accounting was still pending in district court. The accounting issue came up for trial, at which point MRP sought either dismissal of the remaining accounting claims or a continuance of the trial. Thomason, arguing on behalf of the defendants, objected to the motion for dismissal, based upon her belief that she had filed counterclaims alleging fraud and a demand for unpaid property taxes. The district court

8

indicated it was not aware of any pending counterclaims in the case. The district court entered an order conditionally dismissing the remaining claims, which was to be a final decision only upon a determination that no counterclaim had been filed. The district court later held a hearing on the matter. The Thomasons could not point to a counterclaim in the record and provided no evidence concerning the purported claim or claims. The district court heard arguments from both parties, independently reviewed the record, and found that no counterclaim existed in the case. Thereafter, the motion to dismiss was granted--MRP's request for an accounting having been withdrawn--and the district court entered a final judgment.

In our own review of the record, we find a "Reply to Counter Complaint and Objection to Motions for Stay of Judgment, New Trial (sic)/Hearing, Amend Findings and Conclusion of Law, Amend Judgment and All Other Authority," filed by MRP in response to the Thomasons. We do not have the actual document alleged to have included the "countercomplaint" that the Thomasons filed, entitled "Motion For Stay of Judgment (IRCP Rule 13 a and b), New Trial/hearing IRCP Rule 13(b)(2), Amend Findings and Conclusion of Law IRCP Rule 13(b)(2), Amend Judgment IRCP Rule 13(b)(4) and All Other Authority." In the reply, MRP asserted any allegations that *can* be construed as a counterclaim did not state a claim upon which relief could be granted. MRP further argued that many of the allegations were either barred by res judicata, due to the prior bankruptcy proceedings, or fabrications by the Thomasons. The district court treated the Thomasons' filing as a motion for relief from the order granting partial summary judgment. It found the Thomasons provided no basis for granting the relief requested and denied the motion. The Thomason did not object to that treatment of the filing and did not file a motion to reconsider.

Further, it is clear from the district court's discussion of a possible counterclaim that the district court thoroughly combed the record looking for such a counterclaim. It found only two documents containing the term "countercomplaint," but neither document actually contained a counterclaim for unpaid property taxes. Moreover, the district court determined that the allegations of fraud were made in relation to the Thomasons' motion for relief from the judgment ordering partition of the property, and did not constitute a separate counterclaim.

It is Thomason's responsibility to provide a sufficient record to substantiate her challenge on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). The record on appeal includes various motions filed by the Thomasons with the district court, and

Thomason appended her brief with copies of various deeds, part of MRP's original complaint, tax bills, and pieces of additional motions/objections made to the district court.[3] However, nothing in these documents points to any pleading for a counterclaim or any direct request or claim for unpaid property taxes against MRP by the Thomasons. Based on our review of the record that is provided, the district court did not abuse its discretion by determining there was no counterclaim, by dismissing the rest of MRP's claims, and consequently, by denying the Thomasons' motion to reconsider.

Thomason also asserts the district court abused its discretion by awarding attorneys' fees and costs. The register of actions shows several orders awarding attorneys' fees and costs to MRP and at least one objection by the Thomasons. Three of the orders are contained within the record on appeal. First, in relation to the order granting partial summary judgment, the district court awarded attorneys' fees and costs under Idaho Code §§ 6-545, 6-547, 12-120, and 12-121. Next, upon a motion by MRP and pursuant to Idaho Rule of Civil Procedure 11, the district court included an award of attorneys' fees and costs as a sanction against the Thomasons because the Thomasons filed motions based on unfounded and false allegations. Finally, the district court awarded attorneys' fees and costs under the authority in Idaho Rule of Civil Procedure 54(d) and (e)(5).

Pursuant to Idaho Rule of Civil Procedure 54(d)(1)(B), allowing attorneys' fees to a prevailing party "in the action," a trial court should not order such awards on a piecemeal basis, but should instead decide total attorneys' fees and costs after *all* the claims "in the action" have been adjudicated. *See Bagley*, 149 Idaho at 804 n.4, 241 P.3d at 977 n.4. Idaho Code § 12-120, regarding awards of attorneys' fees and costs in certain cases, also uses the phrases "in any action," "in any civil action," and "of the action;" and Idaho Code § 12-121 allows attorneys' fees to the prevailing party "in any civil action." As interpreted by the *Bagley* court, awards made under either authority should be made after *all* claims have been adjudicated.[4] However,

---

[3]    We do not rely on the materials in Thomason's appended brief, as they are not documents actually found in the record, but do note that even the documents presented to support Thomason's claim--had they been taken as evidence--do not provide a sufficient basis to find that the district court erred.

[4]    We note that the Idaho Supreme Court has stated that a partial judgment is a "final judgment" as required in Idaho Rule of Civil Procedure 54(d)(1)(B) if it has been certified as

10

Idaho Code § 6-545 allows a district court to require a party to pay reasonable attorneys' fees and costs for a partition of land when litigation arises between that party and some of the other parties to the suit. The wording of section 6-545 does not mirror that of Rule 54(d)(1)(B) or section 12-120. So although Rule 54(d)(1)(B) and sections 12-120 and 12-121 are interpreted to indicate attorneys' fees and costs are to be awarded in *an action* after all claims and judgments have been settled, section 6-545 does not present the same limitation.[5] Accordingly, the district court's first award of attorneys' fees and costs under section 6-545 was not improper. We can affirm the award based on section 6-545 even if an award pursuant to sections 12-120 and 12-121 was error. *See BECO Const. Co., Inc. v. J-U-B Eng'rs, Inc.*, 145 Idaho 719, 724, 184 P.3d 844, 849 (2008) (holding the appellate court will affirm on the correct legal theory even where a district court based a decision on an erroneous basis).[6]

The second award of attorneys' fees and costs, made under Idaho Rule of Civil Procedure 11(a)(1), was also not an abuse of discretion. Rule 11 authorizes a court to sanction a party, which may include an award of attorneys' fees and costs, based on discrete pleading abuses or other misconduct in litigation, such as here, where the defendants made motions upon

---

such pursuant to Rule 54(b)(1), and an award of attorneys' fees and costs on such a partial final judgment is not abuse of discretion. *Caldwell v. Cometto*, 151 Idaho 34, 40, 253 P.3d 708, 714 (2011). We do not, however, have anything in the record indicating the order granting partial summary judgment in this case was certified as final under Rule 54(b)(1).

[5]    Idaho Code § 6-545 reads in full as follows:

> The costs of partition, including reasonable counsel fees, expended by the plaintiff or either of the defendants for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. In that case they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares and against other property held by the respective parties. When, however, litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them.

[6]    We do not address the district court's citation to Idaho Code § 6-547 because that statute allows a party to recover costs for obtaining an abstract of title, an issue Thomason does not raise on appeal.

unfounded and false allegations. *See Campbell v. Kildew*, 141 Idaho 640, 650, 115 P.3d 731, 741 (2005).

Lastly, we review the third award of attorneys' fees and costs made under the authority in Rule 54(d) and (e)(5). Under Rule 54(d)(6), a party with objection to claimed costs made under Rule 54 must serve a motion to disallow such costs on adverse parties within fourteen days of service of the memorandum of costs. Failure to timely object to the items in the memorandum of costs constitutes a waiver of all objections. I.R.C.P. 54(d)(6). MRP filed its third memorandum of costs on June 26, 2009; the Thomasons did not filed an objection or serve an objection on MRP until filing a motion to reconsider the award on July 20, 2009. Although we do not purport to condone piecemeal awards of attorneys' fees and cost, we determine that the Thomasons waived their right to object to the award because they failed to timely object. *Bagley*, 149 Idaho at 804, 241 P.3d at 977.

**D.     Equal Protection**

Although not clearly discernible, Thomason's equal protection argument appears to stem from the district court's various awards of attorneys' fees and costs to MRP. Thomason states, "In violation of I.R.C.P. Rule and I.C. § 12-120 through 123, the court granted multiple fraudulent fees and costs on . . . partial summary judgments." She additionally contends the district court did so "without issuing any final order for nearly five (5) years, deliberately denying (Appellant) equal protection under the rules, statutes, case law and the 14th Amendment of the United States Constitution."

Equal protection analysis begins with identifying the classification upon which the alleged unequal treatment was based. *See Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 214, 76 P.3d 951, 958 (2003). A party asserting a violation of equal protection may assert that the government action was a deliberate and intentional plan of discrimination based on some classification, such as race, sex, or religion, or she may assert she is a "class of one" who was intentionally singled out and treated differently based on a distinction that fails the rational basis test. *Terrazas v. Blaine Cnty. ex rel. Bd. of Comm'rs*, 147 Idaho 193, 205, 207 P.3d 169, 181 (2009). Here, Thomason has not asserted any particular classification. There are hints that she alleges unequal treatment based on her status as a pro se litigant. However, Thomason has not provided citation to authority supporting that an award of attorneys' fees or costs against a pro se

litigant may violate equal protection. Thomason has not demonstrated an equal protection violation.

**E.    Attorneys' Fees and Costs on Appeal**

MRP requests attorneys' fees and costs on appeal pursuant to Idaho Code § 6-545. This is a case that falls within that statute, and by the statute's wording, this Court has authority to make such an award. Therefore, we order that Thomason is required to pay the expense of litigating this appeal, including both reasonable fees of counsel and costs.

### III.

### CONCLUSION

We conclude the district court had subject matter jurisdiction over this case and MRP had standing to sue. Therefore, the district court did not err by declining to dismiss the case on either ground. We further conclude the district court did not abuse its discretion by denying the motion to reconsider because previous decisions, challenged by Thomason, were reasonable and supported by the record. Thomason has failed to demonstrate an equal protection violation. Accordingly, we affirm the final judgment and the district court's order denying Thomason's motion to reconsider. We award attorneys' fees and costs to MRP.

Judge LANSING and Judge GRATTON **CONCUR.**