# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41100

| | | |
|---|---|---|
| LYNN URRUTIA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | Twin Falls, June 2014 Term |
| TY (CLIFF) HARRISON and ROBERT SCHUTTE, | ) | |
| | ) | 2014 Opinion No. 69 |
| | ) | |
| Defendants-Appellants, | ) | Filed: July 31, 2014 |
| | ) | |
| and | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHNNY M. URRUTIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. Randy Stoker, District Judge.

The judgment of the district court is affirmed.

Rockstahl Law Office, Chtd., Twin Falls, for appellants. Joe Rockstahl argued.

Law Office of Harry DeHaan, Twin Falls, for respondent. Daniel M. Plantz argued.

_____

J. JONES, Justice.

The district court awarded attorneys fees to Lynn Urrutia against Ty Harrison and Robert Schutte under Idaho Code section 12-120(3), 12-121, and 12-123, as well as sanctions against the Appellants' attorney under Idaho Code section 12-123 and I.R.C.P. 11. We affirm the awards under Idaho Code section 12-123.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Lynn and Johnny Urrutia, formerly husband and wife, were divorced in 2007. At the time of their divorce, the Urrutias were the sole owners and members of Sundance Arena, LLC.

1

Sundance Arena possessed one asset—the arena property that was the original subject of this litigation. The arena property is a twenty-acre parcel consisting of pens for boarding horses and separate indoor and outdoor riding arenas.

Sometime in 2005, Johnny entered into an oral agreement with the Appellants, Ty Harrison and Robert Schutte. The details of this agreement are somewhat vague but, in essence, Harrison and Schutte were to take control of and manage the arena property so that the property could eventually be sold. Harrison and Schutte were longtime friends and, conveniently, Schutte lived on property adjacent to the arena property.

Pursuant to the 2007 divorce decree, Johnny was awarded both parties' interests in the arena property, provided that he compensate Lynn $59,000 for her interest. Johnny granted Lynn a deed of trust on the arena property in order to secure the $59,000 obligation. This deed of trust was recorded on December 4, 2007, and was second in priority to a deed of trust against the arena property securing an indebtedness to Gary and Donna Hibbard in the approximate amount of $140,000.

This litigation commenced on February 14, 2012, when Lynn filed a complaint against Johnny, seeking to foreclose the deed of trust on the arena property and collect the $59,000, plus interest, that she was owed. The Appellants apparently got wind of the impending foreclosure and filed a mechanic's lien against the property on December 1, 2011. Their lien asserted a debt in the amount of $230,279.65 and a priority date of April 2005. This claim of lien ("First Lien") asserted that Johnny and Sundance Arena—but not Lynn—were the owners of the arena property. When she filed her foreclosure action, Lynn named the Appellants as defendants and sought a ruling that her trust deed had priority over their First Lien.

Appellants filed an answer and counterclaim ("Original Counterclaim"), contending that their mechanic's lien "has priority over the Plaintiff's claims" and requesting that the court order the payment of their lien out of the proceeds from the sale of the arena property. A copy of the First Lien was attached to the Original Counterclaim. About two months after filing their Original Counterclaim, the Appellants filed a second claim of lien against the arena property ("Second Lien"). In the Second Lien, Appellants alleged that Johnny and Lynn were the owners of the arena property. They claimed a priority date of March 2008 and an indebtedness of $220,304.

2

Lynn moved for partial summary judgment to foreclose the trust deed and for Rule 11 sanctions against Appellants' attorney. Lynn asserted that the First Lien was not recorded within 90 days of the performance of any significant work and was therefore invalid under Idaho Code section 45-507. Lynn also noted that even if Appellants did have a valid lien, many of the amounts claimed—$7,677.00 for "First American," $7,889.60 for "Property Taxes," and $88,275.50 for "Payments"—could not possibly be covered by a mechanic's lien, which can only cover the furnishing of labor or materials. Lynn argued that Appellants' counsel should be sanctioned pursuant to I.R.C.P. 11 because "the undisputed facts so clearly do not support the claimed lien or any of the affirmative defenses, Mr. Rockstahl either signed the Answer and Counterclaim without adequately investigating the facts, or did investigate the facts, but signed a frivolously asserted Answer and Counterclaim anyways."

Appellants filed an amended counterclaim ("First Amended Counterclaim") on August 29, 2012. In addition to their original claim that their mechanic's lien had priority over Lynn's deed of trust, Appellants' First Amended Counterclaim included two new claims: breach of contract as against Johnny, and unjust enrichment as against "Johnny and/or Lynn Urrutia." Appellants did not, however, attach either the First Lien or the Second Lien to their First Amended Counterclaim, despite indicating that "[a] copy of the Claim of Lien for labor and materials is attached as Exhibit A." Appellants amended their counterclaim a second time ("Second Amended Counterclaim") on September 14, 2012, to include the Second Lien as Exhibit A.

On October 15, 2012, the district court entered its order granting Lynn's motion for partial summary judgment ("Order Re: Partial Summary Judgment"). The district court found Appellants' First Lien to be invalid, though it did not explain that finding in its written order, nor did it discuss or acknowledge that a Second Lien had been filed. The district court did not explicitly rule on Lynn's motion for Rule 11 sanctions, but did award attorney fees against Appellants to the tune of $1,500 "as a discovery sanction." In response to a previous motion seeking to further amend their pleadings, the district court allowed Appellants to file a cross claim against Johnny for (1) breach of contract and (2) foreclosure of their Second Lien. As against Lynn, however, Appellants were allowed only to file a breach of contract or an unjust enrichment counterclaim. Any amendment relating to the foreclosure of the Second Lien as against Lynn was expressly disallowed. The district court determined that "as [the Second Lien]

3

asserts that it is for work only done since 2008, and Ms. Urrutia's lien has a priority date of December 4, 2007, the lien asserted by Harrison and Schutte is necessarily inferior, and so the claim to foreclose this lien cannot be asserted against Ms. Urrutia." Appellants subsequently filed another amended counterclaim ("Third Amended Counterclaim") on October 24, 2012. Despite the district court's clear admonition in its Order Re: Partial Summary Judgment that Appellants could not assert a claim that their Second Lien was superior to Lynn's deed of trust, Appellants nonetheless did so. Their Third Amended Counterclaim appears to have appropriately re-characterized Appellants' "counterclaim" against Johnny as a "cross claim" and, just like their Second Amended Counterclaim, included the Second Lien as Exhibit A.

Lynn had filed a motion for a preliminary injunction on September 12, 2012, in order to enjoin Appellants "from removing or otherwise undoing any of the construction that has been done on the Arena Property." This was in response to Appellants' assertion that they owned certain personal property on the premises that they were entitled to remove. Harrison and Schutte filed an objection to Lynn's motion on September 27, 2012, arguing that any materials placed by Appellants on the arena property were exempt from attachment. On October 22, 2012, the district court granted Lynn's motion for a preliminary injunction, stating that "[a]ll parties and/or their agents are hereby enjoined, during the pendency of this action, from removing and/or deconstructing or otherwise altering the property known as Sundance Arena."

On October 23, 2012, Lynn moved for attorney fees pursuant to Idaho Code sections 12-120(3), 12-123, and sanctions under Rule 11. Appellants responded with a motion for attorney fees and sanctions of their own. At the hearing on the matter, the district court expressed its discomfort with hearing attorney fee arguments before the case was over. Ultimately, the district court ruled from the bench that both parties' motions for fees were denied, without prejudice, and that the parties would have the opportunity to make attorney fee claims at the culmination of the lawsuit.

Around the early part of February 2013, the arena property was foreclosed upon and purchased by Gary Hibbard, who held the first priority lien against the arena property in the amount of $140,000.00. At a hearing held on February 15, 2013, the district court inquired as to why the lawsuit was continuing in light of the recent foreclosure sale. Appellants' counsel then admitted that there was nothing left to litigate with regard to either of the Appellants' mechanic's liens. Appellants' counsel went on to state that their unjust enrichment claim against Lynn was

4

"moot now because she did not, in fact, get the property." After these admissions, the only remaining claims were Lynn's attorney fee claims and her claim for sanctions.

On March 4, 2013, Lynn filed another motion for attorney fees, this time citing Idaho Code section 12-121 and I.R.C.P. 54 in addition to Idaho Code sections 12-120(3) and 12-123, and sanctions under Rule 11 and Idaho Code section 12-123. Appellants filed their own motion and accompanying memorandum for attorney fees pursuant to Idaho Code sections 12-121 and 12-123, and for Rule 11 sanctions. The district court decided the motions in favor of Lynn. Lynn was awarded $10,000 in attorney fees against Harrison and Schutte, jointly and severally, pursuant to Idaho Code sections 12-120(3), 12-121, and 12-123. The district court also awarded Lynn $2,500 against Appellants' counsel, Joe Rockstahl, pursuant to Idaho Code section 12-123 and I.R.C.P. 11. Appellants appealed to this Court.

## II.
## ISSUES ON APPEAL

I.    Whether Lynn had standing to bring a foreclosure action.
II.   Whether the district court erred by awarding attorney fees against Appellants.
III.  Whether the district court erred in awarding sanctions against Appellants' attorney.
IV.  Whether either party is entitled to attorney fees on appeal.

## III.
## ANALYSIS

### A.    Standard of review.

Statutory attorney fee awards, as well as an award of sanctions under Rule 11, are subject to an abuse of discretion standard of review. *See Burns v. Baldwin*, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003); *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 47–48, 896 P.2d 949, 955–56 (1995). To determine whether the court abused its discretion, this Court must inquire: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Burns*, 138 Idaho at 486–87, 65 P.3d at 508–09.

### B.    Lynn had standing to seek foreclosure of her deed of trust.

Appellants claim that Lynn lacked standing to initiate this action to foreclose her deed of trust. They claim that "Johnny Urrutia did not have title to the [arena] property when he executed the deed of trust and therefore could not convey legal title to Lynn Urrutia with a deed of trust."

In essence, the claim is that Lynn lacks standing to foreclose her deed of trust because it did not constitute a valid conveyance of an interest in the arena property.

Appellants acknowledge that this Court held in *Trotter v. Bank of New York Mellon*, 152 Idaho 842, 846, 275 P.3d 857, 861 (2012), that a trustee seeking to foreclose a deed of trust through statutory nonjudicial proceedings need not establish standing but contend that the situation is different in judicial foreclosure proceedings. The Appellants misunderstand the doctrine of standing. "When an issue of standing is raised, the focus is not on the merits of the issues raised, but upon the party who is seeking the relief." *Bagley v. Thomason*, 149 Idaho 806, 808, 241 P.3d 979, 981 (2010). "Indeed, a party can have standing to bring an action, but then lose on the merits." *Id.* In *Bagley*, the defendants had contended that the plaintiffs, who sought to obtain water shares appurtenant to real property they had purchased, were without standing because of an alleged infirmity in their deed of conveyance. *Id.* at 807, 241 P.3d at 980. The Court indicated that the plaintiffs had satisfied the standing requirement by showing that they held a deed to the real property and that the water shares were appurtenant to that property. *Id.*

Here, the record demonstrates that Lynn held a deed of trust against the arena property, the deed of trust was duly recorded in Twin Falls County, the obligation secured by the deed of trust was in default, and she sought foreclosure and a declaration of her priority as to other encumbrances against the arena property. To have standing, she need not prove that her deed of trust is valid and enforceable. The Appellants' argument on standing is without merit.

**C.      The district court did not err in awarding attorney fees under Idaho Code section 12-123.**

Lynn requested attorney fees against the Appellants under Idaho Code sections 12-120(3), 12-121, and 12-123. The district court awarded $10,000 in attorney fees to Lynn, jointly and severally against Harrison and Schutte, under all three provisions. The Appellants do not contest the amount of the award but do contend that the Court erred in awarding Lynn attorney fees under all of the statutory provisions. We first consider the award under Idaho Code section 12-123.

Idaho Code § 12-123(2)(a) provides:

> (2)(a) In accordance with the provisions of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one (21) days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct.

I.C. § 12-123. "Conduct" under this provision "means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action." I.C. § 12-123(1)(a). "Frivolous conduct" means conduct of a party or his attorney that either: (i) "obviously serves merely to harass or maliciously injure another party to the civil action;" or (ii) "is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." I.C. § 12-123(1)(b). The district court found that the second definition of frivolous conduct was applicable.

In its consideration of Idaho Code section 12-123, the district court correctly noted that "this statute does not require the finding of a prevailing party. Rather, the statute is designed as a sanction to deter inappropriate conduct as defined in the statute." The Appellants do not contend that the district court failed to observe the procedural requirements in Idaho Code section 12-123(2)(b) or that it erred in determining the amount of the award under section 12-123. Their only contention is that they did not engage in frivolous conduct. The district court disagreed, identifying several claims of the Appellants that were not supported in fact or warranted under existing law.

 "The most egregious conduct of defendants," in the district court's opinion, was the filing of the Third Amended Counterclaim, which "states two causes of action against Lynn: (1) that the second lien has priority over Lynn's claims and (2) that Lynn as the owner of the property was unjustly enriched." The judge noted that the Second Lien, with a priority date of 2008, could not conceivably be higher in priority than Lynn's deed of trust, which was recorded in 2007. He observed that the Appellants knew the $220,000 claimed in the Second Lien, like the First Lien, contained numerous items that did not constitute improvements to the arena property and were not lienable under the mechanic's lien statutes. And, even though the Appellants knew that the owner of record of the arena property was Sundance Arena, LLC, they sought personal recovery against Lynn under an unjust enrichment theory for improvements made to the property, which she did not own.

The Court noted further:

Lynn sought a preliminary injunction to enjoin defendants from "deconstructing" the arena. Defendants took the position in challenging that application that most of the "improvements" were not truly improvements to the real estate or fixtures but rather removable personal property. That position is diametrically opposed to

7

their position regarding both mechanic's liens and the unjust enrichment claim against Lynn. Simply stated, the defendants were playing both ends against the middle.

The court concluded its analysis of the fee request under Idaho Code section 12-123 by stating that "[c]ontinuing to defend the summary judgment motion regarding the first lien, opposing the injunction request which asserted personal property in the face of the argument that it was an improvement to property pursuant to the lien statute, and filing and pursuing the counterclaim were frivolous acts." The findings under this section were made with regard to both the Appellants and Rockstahl, their counsel of record. *See* I.C. § 12-123(2)(c).

The district court acted well within its discretion in granting fees against Appellants and their attorney under Idaho Code section 12-123 and we therefore affirm the court's judgment. Because we affirm the district court's award of attorney fees under Idaho Code section 12-123, we need not address whether fees were also appropriate under Idaho Code section 12-120(3), Idaho Code section 12-121 or I.R.C.P. 11.

### D.    Lynn is entitled to attorney fees on appeal.

Appellants seek attorney fees on appeal pursuant to Idaho Code section 12-121 and "for the reasons stated in [their] brief." Appellants are not the prevailing party and thus, will not be awarded attorney fees on appeal.

Lynn seeks attorney fees on appeal pursuant to Idaho Code sections 12-120(3), 12-121, and 12-123 and I.R.C.P. 11. Under Idaho Code section 12-121, an award of attorney fees on appeal "is appropriate when this Court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Karlson v. Harris*, 140 Idaho 561, 571, 97 P.3d 428, 438 (2004). As noted above, the Appellants' case in district court was both frivolous and without foundation. The appeal of a frivolous case is even more so. An overall view of the case establishes that the appeal was pursued unreasonably. Thus, we award Lynn attorney fees on appeal pursuant to Idaho Code section 12-121.

## IV.
## CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs to Lynn on appeal.


Chief Justice BURDICK, and Justices EISMANN and HORTON CONCUR.

8